(Case No. 12,656) SEMMES

Mr. Bradley prayed the court to instruct the jury that, if they found from the evidence, that the premises were assessed in the name of "John Chalmers, or the Bank of Washington," the assessment was not in compliance with the terms of the charter, and the tax sale in 1827 was, for that reason, void.

But THE COURT, upon considering the act of May 26, 1824, § 2, supplementary to the charter of 1820, refused to give the instruction.

Mr. Brent then prayed the court to instruct the jury that, after the 1st of December, 1823 (namely, after the expiration of the first seven years of the lease), the lease operated only as a lease from year to year, and if they find, from the evidence, that the said Chalmers died in the year 1834, and, that the plaintiff from that time and before has been in possession of the premises, claiming adversely to the defendant, then there was no tenancy subsisting at the time of the distress laid, and the plaintiff is entitled to recover.

But THE COURT refused to give the instruction; the defendant having offered evidence that the square No. 876, the premises in question, contained 13 lots, and that a ropewalk was erected thereon, extending across several lots, and that upon one of those lots there was personal property enough, at the time of the tax-sale to pay the taxes.

Mr. Brent prayed the court to instruct the jury, in effect, that goods, found upon one of the lots, are not liable for the taxes upon the other lots.

But THE COURT refused to give the instruction, and said: The words of the charter of 1820, § 10, are, "Provided that no sale shall be made of any improved property, whereon there is personal property sufficient to pay the said taxes." If an improvement extend over divers lots, such lots are improved property; and personal property found on any part of that improved property is liable for the taxes due thereon.

THE COURT also decided that, under a reservation of "$20 a year rent clear of all taxes and charges," the tenant is bound to pay the taxes as well as the rent, although the lease contain a clause of re-entry, "in case the said rent of $20, or any part thereof, should remain unpaid for 60 days," &c.

Verdict for defendant.

## Case No. 12,654.

SEMMES v. ONEALE.

[1 Cranch, C. C. 246.] [1]

Circuit Court, District of Columbia. July Term, 1805.

REPLEVIN—AMENDMENT TO PLEA.

After plea of property in the defendant in replevin, the court will permit the defendant to amend by pleading property in a stranger, on payment of all antecedent costs, and a continuance of the cause.

Replevin. Plea, property in defendant. Leave given to plead property in a stranger, on payment of all antecedent costs, and a continuance, if requested.

SEMMES (POWER v.). See Case No. 11,360.

## Case No. 12,655.

SEMMES et ux. v. SHERBURNE.

[2 Cranch, C. C. 534.] [1]

Circuit Court, District of Columbia. Dec. Term, 1824.

PLEADING AT LAW—TROVER—DECLARATION—CONCLUSION.

In trover by husband and wife for a conversion of the wife's goods before marriage, the declaration must conclude ad damna ipsorum.

Trover by husband and wife for the wife's slave. The declaration averred the trover and conversion to have been before the intermarriage, and concluded to the damage of the husband alone.

After verdict for the plaintiffs [Jesse M. Semmes and wife], with $300 damages, at April term, 1824, Mr. R. S. Coxe, for the defendant [J. H. Sherburne], moved in arrest of judgment that the declaration should have concluded ad damna ipsorum; and cited 1 Chit. Pl. 60, 61, 398; 2 Chit. Pl. 49, 50, 59, 374; Nelthrop v. Anderson, 1 Salk. 114.

Mr. Morfit, contra, cited 2 Esp. N. P. 186; Blackborne v. Greaves, 2 Lev. 107; Esp. N. P. 201; Countess of Rutland's Case, Cro. Eliz. 377; 2 Bl. Comm. 433; Bloxam v. Hubbard, 5 East, 407.

This objection had become important, as the husband had died before verdict, and his death had been suggested upon the docket at October term, 1823.

THE COURT (THRUSTON, Circuit Judge, absent) arrested the judgment. The surviving plaintiff had leave to amend, and a venire de novo was awarded, at May term, 1825 [Case No. 12,656].

[See Case No. 12,760.]

## Case No. 12,656.

SEMMES v. SHERBURNE.

[2 Cranch, C. C. 637.] [1]

Circuit Court, District of Columbia. Dec. Term, 1825.

SLAVERY—LOSS OF SLAVE— JUDGMENT — HIRE OF SLAVE—ESTOPPEL.

1. If the plaintiff's slave be hired to the defendant in the District of Columbia, who carries her to New Hampshire without the consent or

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]